April 27, 2016

<u>*VIA ECF AND FAX*</u>

Honorable Paul G. Gardephe
United States District Court
Southern District of New York,
Thurgood Marshall Courthouse
40 Foley Square, Room 2204
New York, NY 10007

        Re:   <u>Pacific Life Insurance Company, et al. v. U.S. Bank National Association, et al.</u>,
                Case No. 16-cv-00555-PGG

Dear Judge Gardephe:

        Defendants Bank of America, N.A. and U.S. Bank National Association (collectively, "Defendants") respectfully submit this reply letter in support of their request for a pre-motion conference for their anticipated Motion to Dismiss.   As requested by Your Honor at the April 14, 2016 pretrial conference, this letter responds to Plaintiffs' assertion that numerous courts have rejected motions to dismiss similar or identical claims.   In fact, there is a split in authority in this District, and Defendants have good-faith bases to press all of their arguments.

        *First*, for *every* claim at issue except the breach-of-contract claim, at least one court (and in some cases several courts) in this District has granted a motion to dismiss the claim.[1]   At a minimum, then, the Court should entertain Defendants' motion in order to narrow the scope of what is "[a]t its core . . . a breach of contract case."   *Policemen's Annuity & Benefit Fund of Chi. v. Bank of Am., NA*, 943 F. Supp. 2d 428, 429 (S.D.N.Y. 2013).

        *Second*, other courts have narrowed even the breach-of-contract claim.   The New York Commercial Division's rejection of nearly identical allegations of Events of Default (allegedly giving rise to various trustee duties) cuts to the heart of Plaintiffs' theory of liability, because of the limited duties of RMBS trustees prior to any Event of Default.   *See Commerce Bank v. The Bank of N.Y. Mellon*, 2015 WL 5770467, at *5 (N.Y. Sup. Ct. Oct. 2, 2015); *Knights of Columbus v. The Bank of N.Y. Mellon*, 2015 WL 4501196, at *4 & n.2 (N.Y. Sup. Ct. July 10, 2015).

        The only small part of Plaintiffs' claims that no court yet has dismissed on the pleadings, then, is a *portion* of Plaintiffs' claim for breach of contract based on alleged pre-default "discovery" of loan-level defects.   Defendants respectfully request that Your Honor

---

[1]  *See, e.g.*, *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 2016 WL 796850, at *11-13 (S.D.N.Y. Feb. 25, 2016) ("*NCUA*") (dismissing *every* claim except a breach-of-contract claim).

Honorable Paul G. Gardephe
April 27, 2016
Page 2

nevertheless consider Defendants' argument for dismissal of the contract claim in its entirety, because of a fundamental mismatch between Plaintiffs' *allegations* and what the settled law says they must *prove*.    Numerous courts in this District have recognized that after the Second Circuit's decision in *Retirement Board of the Policemen's Annuity & Benefit Fund of Chicago v. Bank of New York Mellon*, 775 F.3d 154 (2d Cir. 2014) ("*BNYM*"), proof of RMBS trustee knowledge of mortgage loan defects cannot be generalized.[2]    But Plaintiffs allege exactly such generalized knowledge of defects, *not* specific to any of the trusts and loans at issue here, through alleged notice of industry-wide practices (and allegations concerning trusts or loans *other* than those at issue here).    This could not establish liability under *BNYM* even if proven, and bears no relation to the extensive and costly loan-level fact and expert discovery Plaintiffs say they are prepared to commence.    Perhaps this pleading defect can be remedied by amendment, but as pled, the entire complaint should be dismissed.

Below are additional detailed claim-by-claim responses to Plaintiffs' arguments:

**Trust Indenture Act ("TIA").**    Plaintiffs concede that their TIA claims for 30 of the trusts (95% of those at issue here) must be dismissed.    (Pls. Letter at 2 n.1.)    Plaintiffs' TIA claim with respect to the two indenture trusts should meet the same fate for two separate reasons. First, Plaintiffs' TIA claims fail because Plaintiffs have not alleged Events of Default, and have otherwise failed to state a claim under § 316(b) of the TIA.    *See Phoenix Light SF Ltd. v. Bank of N.Y. Mellon*, 2015 WL 5710645, at *10 (S.D.N.Y. Sept. 29, 2015) ("*Phoenix Light*"). Second, there is no private right of action for damages under the TIA, an issue the Second Circuit expressly has left open.    *BNYM*, 775 F.3d at 170.    The TIA contains no express private right or remedy, and no basis for implying one.    Even Judge Furman, who recognized an implied private right of action for damages under the TIA, acknowledged that "the existence of an express right of action elsewhere in the [TIA] cuts against a finding that Congress also intended to create an implied right of action."    *Fixed Income Shares: £Series M v. Citibank N.A.*, 130 F. Supp. 3d 842, 849 (S.D.N.Y. 2015) ("*Fixed Income*").[3]

**Tort Claims.**    Plaintiffs' tort claims are duplicative of their contract claims and are barred by New York's and Delaware's economic-loss rules.    Defendants' purported independent duties make no difference, because the claims are based on the same allegations and

---

[2] Defendants acknowledge that these courts all have held that *BNYM*'s rule has no impact at the pleading stage, but Defendants' Motion will illustrate how this is an example of what Judge Forrest has termed "the powerful effect of an echo chamber" in this District as to certain common issues with regard to these cases.    *Blackrock Core Bond Portfolio v. U.S. Bank Nat'l Ass'n*, -- F. Supp. 3d --, 2016 WL 796848, at *12 (S.D.N.Y. Feb. 26, 2016) ("*BlackRock*").

[3] As Defendants' Motion will explain, Judge Furman improperly brushed aside that concern by relying on a Supreme Court decision *pre-dating* the sea change in implied-rights-of-action jurisprudence in *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001).    *See also Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 164 (2008).

Honorable Paul G. Gardephe
April 27, 2016
Page 3

seek the same damages.[4]   Courts in this District have recently dismissed virtually identical tort claims against RMBS trustees for precisely this reason.[5]   *See Phoenix Light*, 2015 WL 5710645, at *6-7; *Fixed Income*, 130 F. Supp. 3d at 857.[6]

    ***Streit Act.***   Plaintiffs concede that the weight of authority compels dismissal of their Streit Act claims.   (Pls. Letter at 5.)   The one recent RMBS case Plaintiffs cite did not even address the arguments accepted in the decisions cited by Defendants.

    ***Implied Covenant.***   Instead of disputing that the governing agreements prohibit the imposition of implied covenants and that an implied-covenant claim would be duplicative of the breach-of-contract claims, Plaintiffs argue only that they can plead in the alternative.   (Pls. Letter at 5.)   They are wrong.   *See MF Global Holdings Ltd. v. PricewaterhouseCoopers LLP*, 43 F. Supp. 3d 309, 317 (S.D.N.Y 2014).   A claim "for breach of the implied covenant" that, like Plaintiffs' here, is "intrinsically tied to the damages allegedly resulting from the breach of contract . . . must be dismissed as redundant."   *Nahabedian v. Intercloud Sys., Inc.*, 2016 WL 155084, at *3 (S.D.N.Y. Jan. 12, 2016) (quotation marks omitted).

    ***Breach of Contract.***   Contrary to Plaintiffs' assertions, courts in this District have dismissed contract claims on grounds identified by Defendants, and Defendants respectfully request that Your Honor consider the few arguments that have not yet been accepted.

    *First*, Plaintiffs are wrong that Defendants had a duty to take physical possession of the mortgage loan files, (Pls. Letter at 2), and have no response to *Phoenix Light*, 2015 WL 5710645, at *5, where the court agreed that Defendants had no such duty.   Nor do Plaintiffs

---

[4]   *Compare* Compl. ¶¶ 663, 665 (breach of contract) *with id.* ¶¶ 669-71 (breach of fiduciary duty), 673-74 (negligence and gross negligence), 676, 681 (negligent misrepresentation).   As Defendants noted in the March 31 letter (at 4 n.5), for the 10 trusts governed by Delaware law, Plaintiffs' negligence claims based on extra-contractual, pre-default duties also fail because Delaware does not recognize such duties.   Plaintiffs assert that *Cargill* (cited by Defendants in support) stands for the proposition that trustee duties may exist outside the governing agreements. (Pls. Letter at 4 n.6.)   Plaintiffs misunderstand Defendants' argument *and the Cargill* case.   Only New York—not Delaware—courts have recognized two limited pre-default trustee duties.   And in any event, under Delaware law, "parties are . . . free in the governing instrument to expand, restrict, or eliminate whatever preexisting duties there might be . . . ."   *Cargill, Inc. v. JWH Special Circumstance LLC*, 959 A.2d 1096, 1112 (Del. Ch. 2008).   Here, the governing agreements provide that there are no implied obligations, and that the trustee's pre-default duties are limited to those explicitly set forth in the agreements.

[5]   As Judge Forrest explained in *Blackrock,* whether or not Plaintiffs allege duties independent (and non-duplicative) of the contract, the *injury* alleged is identical, and thus Plaintiffs' non-contract claims are barred by the economic-loss doctrine.   2016 WL 796848, at *21.

[6]   Plaintiffs assert that they have alleged misrepresentations sufficient to sustain their negligent-misrepresentation claim.   (Pls. Letter at 4 n.8.)   Even if this accurately reflected the allegations in the Complaint (which it does not), Plaintiffs' negligent-misrepresentation claims still fail because Defendants never had the requisite "special duty . . . to refrain from negligently making misrepresentations to [Plaintiffs]," and so cannot be liable to Plaintiffs for negligent inaccuracy in their representations.   *Royal Park Invs. SA/NV v. HSBC Bank USA, Nat'l Ass'n*, 109 F. Supp. 3d 587, 609 (S.D.N.Y. 2015) ("*Royal Park*").

Honorable Paul G. Gardephe
April 27, 2016
Page 4

respond to Defendants' argument that they had no duty to review mortgage loan files and prepare and deliver exception reports in certain of the trusts.   (Dfs. Letter at 2.).[7]

*Second*, Plaintiffs plainly failed to comply with the no-action clause in at least six of the trusts where a party *other than the trustee* was a pre-suit demand party.   *See Sterling Fed. Bank, F.S.B. v. DLJ Mortg. Capital*, Inc., 2010 WL 3324705, at *5 (N.D. Ill. Aug. 20, 2010).   And Plaintiffs still failed to comply with the no-action clause's other requirements for every trust. Only one court has meaningfully addressed this severability argument, and, Defendants respectfully submit, reached an incorrect conclusion.   *See Blackrock,* 2016 WL 796848, at *8-14.   Defendants ask that Your Honor take a fresh look.[8]

*Third*, Plaintiffs' claims based on Events of Default fail because Plaintiffs do not allege the predicate notice and opportunity to cure necessary to *trigger* an Event of Default.   Plaintiffs also fail to allege Defendants had actual knowledge or received written notice of any such Events of Default.   Plaintiffs argue that the "prevention doctrine" prohibits Defendants from taking advantage of this pleading failure, but that doctrine is inapposite.   For the vast majority of the trusts, Defendants had no duty to provide the notice that is a condition precedent to an Event of Default, and so cannot be deemed to have "prevented" one; in any event, the doctrine does not apply where, as here, Plaintiffs fail to allege that Defendants actively "hinder[ed] the occurrence of [a] condition [precedent]."   *Royal Park*, 109 F. Supp. 3d at 605.

Plaintiffs also provide no serious response to *Knights of Columbus* and *Commerce Bank*, in which Justice Scarpulla of the New York Commercial Division held (applying a less demanding pleading standard than in federal court) that plaintiffs' allegations of defendants' actual knowledge or receipt of written notice of Events of Default were insufficient.   Plaintiffs' only response—that those decisions did not consider the prevention doctrine (Pls. Letter at 3 n.5)—is non-responsive, because the issue was not whether defendants had prevented an Event of Default from occurring, but whether defendants had *notice* of an Event of Default that allegedly had occurred.[9]

---

[7]   With respect to Regulation AB, Plaintiffs merely assert that "the Complaint alleged in detail Defendants' duties to issue reports and certifications under Regulation AB."   (Pls. Letter at 2.)   But the Complaint does no such thing.   As Defendants noted in their March 31 letter, in alleging Defendants' duties under Regulation AB, the Complaint makes only a conclusory allegation that Defendants were "involved in servicing functions."   (*See* Compl. ¶ 560 n.7.)   Plaintiffs furthermore cannot point to any allegations indicating that Defendants had an obligation to submit monthly remittance reports under Regulation AB.   The only allegations that Plaintiffs cite are those that confirm that the trustee had a *contractual obligation* to make available monthly remittance reports.   (*See id.* ¶ 62, Ex. C § VIII.)

[8]   Even if the no-action clauses do not bar Plaintiffs' contract claims, the "negating clauses" in over half of the trusts do.   *See Royal Park*, 109 F. Supp. 3d at 606-07;   *Phoenix Light SF Ltd. v. Deutsche Bank Nat'l Trust Co.*, -- F. Supp. 3d --, 2016 WL 1212573, at *7-8 (S.D.N.Y. Mar. 28, 2016).

[9]   Plaintiffs misperceive Defendants' arguments regarding the insufficiency of Plaintiffs' allegations regarding depositor Events of Default for the WaMu Trusts.   The depositor may have a duty to deliver mortgage (footnote continued)

Honorable Paul G. Gardephe
April 27, 2016
Page 5

The *only* part of Plaintiffs' contract claim that has not previously been dismissed by at least one court is predicated on allegations that Defendants "discovered" loan-level seller representation and warranty breaches in loans backing the RMBS at issue.   It is settled in this Circuit, after *BNYM*, that establishing such "discovery" requires "loan-by-loan and trust-by-trust" proof.   *BNYM*, 775 F.3d at 162-63.   But the Complaint's allegations of such "discovery" rely instead on public reports concerning general industry practices and *losses* to the trusts, which simply does not match up with the trust- and loan-level proof of discovery of *representation and warranty breaches* that Plaintiffs represent they will be assembling over the next year or more.   Defendants respectfully submit that other courts that have overlooked this mismatch have put off for later a critical issue that will affect the scope and cost of discovery, and that ought to be confronted now.

***Released Claims.***   Plaintiffs assert that Pacific Life Insurance Company and its affiliates, including Pacific Life & Annuity Company, opted out of the class settlement in *Policemen's Annuity & Benefit Fund of the City of Chicago v. Bank of America, N.A.*, No. 1:12-CV-02865-KBF.   (Pls. Letter at 5.)   The final order in *Chicago Police*, however, excludes from the settlement class only those "persons and entities listed on the Appendix," and the Appendix does not list Pacific Life & Annuity Company.   (*See* Corrected Final J. & Order of Dismissal [ECF No. 328], at ¶ 4 & App. ¶ 6.)   Accordingly, any claims by Pacific Life & Annuity Company regarding the nine trusts covered by the *Chicago Police* settlement have been released and must be dismissed.

***Time-barred Claims.***   Explaining which claims are untimely requires more detail than a five-page letter will allow.   Defendants' Motion will unpack the complex choice of law issues presented, and show how even under the longest statute of limitations (six years) that potentially could apply to any of these claims, several are untimely because, as alleged, they necessarily arose on or around the closing date for the trusts at issue, which were well over six years ago. (*See, e.g.*, Compl. ¶¶ 37, 42- 46 (claims based on taking possession of mortgage files); 560 (claims based on Regulation AB)); *Royal Park*, 109 F. Supp. 3d at 608.

Defendants seek to move to dismiss Plaintiffs' Complaint in its entirety.   But even if the Court determines that some portion of the claims should move forward, a Motion to Dismiss still is important to narrow the scope of the case, and therefore minimize the burden on the Court, parties, and multiple third parties, and the enormous costs that discovery will entail.

---

files, but not a duty to ensure they are *complete*.   Plaintiffs offer no response to Defendants' argument that, even if there were such a duty, failure to deliver complete mortgage files cannot ripen into an Event of Default, because the depositor had no right or ability to cure such a defect.

Honorable Paul G. Gardephe
April 27, 2016
Page 6

Respectfully submitted,

*Jacob S. Kreilkamp /a.k.*

James C. Rutten
Jacob S. Kreilkamp
Adam P. Barry
Munger, Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA   90071
Tel:   (213) 683-9100
Fax: (213) 687-3702

David F. Graham
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Tel:   (312) 853-7596
Fax:   (212) 839-5599

Isaac S. Greaney
Daniel Gimmel
Jon W. Muenz
Sidley Austin LLP
787 Seventh Avenue
New York, New York   10019
Tel:   (212) 839-5300
Fax:   (212) 839-5599

*Counsel for Bank of America, N.A.*


cc:    All counsel of record (by ECF)

*David F. Adler /Q.K.*

David F. Adler
Jones Day
901 Lakeside Avenue
Cleveland, OH   44114
Tel: (216) 586-3939
Fax: (216) 579-0212

Martin R. Lueck
Michael A. Collyard
Robins Kaplan LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Tel:   (612) 349-8500
Fax:   (612) 339-4181

*Counsel for U.S. Bank National Association*