# EXHIBIT A

# Exhibit A-1
# Potential Class Action Tolling From *Policemen's* Trusts With Standing Only

| Trust | Days of tolling needed to avoid time bar for all claims | Days of tolling needed to avoid time bar for pre-EOD claims only | Date trust came into *Policemen's* with standing | End of possible tolling based on *Policemen's* | Days of possible class action tolling | Could class action tolling avoid time bar for any claims? | Other tolling could not avoid time bar if inquiry notice occurred before what date? | Could class action tolling avoid time bar for pre-EOD claims? | Other tolling could not avoid pre-EOD time bar if inquiry notice occurred before what date? |
|---|---|---|---|---|---|---|---|---|---|
| WMALT 2007-4 | 539[1] | 539[1,3] | N/A | N/A | 0 days | No | 6/24/2012[9] | No | 6/24/2012[9] |
| WAMU 2006-AR2 | 539[1] | 1270[2] | N/A | N/A | 0 days | No | 6/24/2012[9] | No | 6/24/2012[9] |
| WAMU 2006-AR18 | 539[1] | 1270[2] | N/A | N/A | 0 days | No | 6/24/2012[9] | No | 6/24/2012[9] |
| WAMU 2007-HY7 | 539[1] | 1270[2] | N/A[10] | N/A | 0 days | No | 6/24/2012[9] | No | 6/24/2012[9] |
| WAMU 2007-HY3 | 539[1] | 1270[2] | 11/1/2013[4] | 1/17/2014[7] | 77 days | No | 4/8/2012[9] | No | 4/8/2012[9] |
| WAMU 2006-AR8 | 539[1] | 1270[2] | 11/1/2013[4] | 2/10/2015[8] | 466 days | No | 3/16/2011[9] | No | 3/16/2011[9] |
| WAMU 2007-HY2 | 539[1] | 1270[2] | 11/1/2013[4] | 2/10/2015[8] | 466 days | No | 3/16/2011[9] | No | 3/16/2011[9] |
| WAMU 2007-HY4 | 539[1] | 1270[2] | 1/15/2013[5] | 2/10/2015[8] | 756 days | Yes | N/A | No | 5/29/2010[9] |
| WAMU 2006-AR16 | 539[1] | 1270[2] | 4/11/2012[6] | 2/10/2015[8] | 1035 days | Yes | N/A | No | 8/23/2009[9] |
| WAMU 2007-HY1 | 539[1] | 1270[2] | 4/11/2012[6] | 2/10/2015[8] | 1035 days | Yes | N/A | No | 8/23/2009[9] |

[1] This is the number of days from January 1, 2014 (three years after BANA's December 2010 resignation) and Plaintiff's June 24, 2015 filing of this action.

[2] This is the number of days from January 1, 2012 (three years after December 2008 bar date for claims against WaMu in the FDIC receivership) and Plaintiff's June 24, 2015 filing of this action.

[3] The Washington Mutual entity with a repurchase obligation for this trust was not part of the WaMu FDIC receivership.

[4] *See* Complaint, *Policemen's Annuity & Benefit Fund of City of Chicago v. Bank of Am., NA*, No. 12-cv-2865-KBF (S.D.N.Y.) (ECF no. 1); Opinion & Order, *Policemen's* (ECF no. 46) at 16-17 (finding that plaintiff possesses standing to pursue claims related to five trusts for which it purchased certificates); Corrected Class Action Complaint, Exhibit B, *Policemen's* (ECF 24-2) (listing certificates purchased by Plaintiff).

[5] *See* Second Amended Complaint ¶ 1 (ECF 57) (listing trusts).

[6] *See* Amended Complaint, Ex. 4, Policemen's (ECF no. 145-4) (listing trusts).

# Exhibit A-1
# Potential Class Action Tolling From *Policemen's* Trusts With Standing Only

[7] *See* Memorandum of Law in Support of Motion to Certify Class, Ex. A, *Policemen's* (ECF no. 165-1) at 1 n.1 (stating that plaintiff no longer is bringing claims with respect to several trusts, including WAMU 2007-HY3).

[8] On February 10, 2015, Plaintiffs opted out of the *Policemen's* class action settlement. (*See* ECF no. 62 at 5 (acknowledging date of opt-out).)

[9] This is the last date prior to Plaintiff's June 24, 2015 filing of this action that is within the limitations period (three years, plus any possible *Policemen's* class action tolling based on trusts for which the *Policemen's* plaintiffs had standing).

[10] Although the *Policemen's* Plaintiff was found to have standing to sue as to WAMU 2007-HY7, the court held that its class standing extended only to certificates cross-collateralized with the mortgage pool collateralizing Plaintiffs' holdings. *See* Opinion & Order, *Policemen's* (ECF no. 46) at 22-23 (finding that plaintiff possesses standing to sue on behalf of "purchasers in tranches tied to the loan group backing plaintiff's tranches" or "purchasers in tranches tied to a loan group cross-collateralized by the loan group backing plaintiff's purchased tranche(s)."). The specific certificate held by Plaintiffs here, 4-A1, was not cross-collateralized with the certificate held by the *Policemen's* plaintiff, which was 3-A1. *See* Corrected Class Action Complaint, Exhibit B, *Policemen's* (ECF 24-2) (indicating that the *Policeman's* plaintiff held the certificate with CUSIP 93364F-AG6); WAMU 2007-HY7 Remittance Report (Declaration of Wesley T.L. Burrell ("Burrell Decl.") Ex 1) at 2 (indicating that CUSIP 99364F-AG6 refers to class 3-A1); Complaint, Ex. 2 (ECF no. 116-2) (listing Plaintiffs' holdings as class 4-A1); WAMU 2007-HY7 Prospectus Supplement (Burrell Decl. Ex. 2) at S-7 (stating that class 3-A1 shall be collateralized with loan group 3 and class 4-A1 shall be collateralized with loan group 4); *id.* at S-11 (stating that certificates related to loan groups 3 and 4 shall not be cross-collateralized). Therefore, all claims related to Plaintiffs and Plaintiffs' holdings were dismissed for lack of standing, and Plaintiffs were not within the putative class for which the *Policemen's* plaintiff's claims proceeded.

2

# Exhibit A-2
# Alternative Potential Class Action Tolling From *Blackrock* And All *Policemen's* Trusts, Assuming Tolling Even When Plaintiff Lacked Standing

| Trust | Days of tolling needed to avoid time bar for all claims | Days of tolling needed to avoid time bar for pre-EOD claims only | Date trust came into *Policemen's* without standing | End of possible tolling based on *Policemen's* without standing | Total days of possible class action tolling based on *Blackrock* or all *Policemen's* | Could class action tolling avoid time bar for any claims? | Other tolling could not avoid time bar if inquiry notice occurred before what date? | Could class action tolling avoid time bar for pre-EOD claims? | Other tolling could not avoid pre-EOD time bar if inquiry notice occurred before what date? |
|---|---|---|---|---|---|---|---|---|---|
| WMALT 2007-4 | 539[1] | 539[1,3] | N/A | N/A | 180 days[6] | No | 12/26/2011[8] | No | 12/26/2011[8] |
| WAMU 2006-AR2 | 539[1] | 1270[2] | 4/11/2012[4] | 12/7/2012[5] | 240 days[7] | No | 10/27/2011[8] | No | 10/27/2011[8] |
| WAMU 2006-AR18 | 539[1] | 1270[2] | 4/11/2012[4] | 12/7/2012[5] | 240 days[7] | No | 10/27/2011[8] | No | 10/27/2011[8] |
| WAMU 2007-HY7[10] | 539[1] | 1270[2] | 4/11/2012[4] | 12/7/2012[5] | 240 days[7] | No | 10/27/2011[8] | No | 10/27/2011[8] |
| WAMU 2007-HY3 | 539[1] | 1270[2] | 4/11/2012[4] | 12/7/2012[5] | 317 days[7] | No | 8/11/2011[8] | No | 8/11/2011[8] |
| WAMU 2006-AR8 | 539[1] | 1270[2] | 4/11/2012[4] | 12/7/2012[5] | 706 days[7] | Yes | N/A | No | 7/18/2010[8] |
| WAMU 2007-HY2 | 539[1] | 1270[2] | 4/11/2012[4] | 12/7/2012[5] | 706 days[7] | Yes | N/A | No | 7/18/2010[8] |
| WAMU 2007-HY4 | 539[1] | 1270[2] | 4/11/2012[4] | 12/7/2012[5] | 996 days[7] | Yes | N/A | No | 10/1/2009[8] |
| WAMU 2006-AR16 | 539[1] | 1270[2] | N/A | N/A | 1035 days[7] | Yes | N/A | No | 8/23/2009[8] |
| WAMU 2007-HY1 | 539[1] | 1270[2] | N/A | N/A | 1035 days[7] | Yes | N/A | No | 8/23/2009[8] |

[1] This is the number of days from January 1, 2014 (three years after BANA's December 2010 resignation) and Plaintiff's June 24, 2015 filing of this action.

[2] This is the number of days from January 1, 2012 (three years after December 2008 bar date for claims against WaMu in the FDIC receivership) and Plaintiff's June 24, 2015 filing of this action.

[3] The Washington Mutual entity with a repurchase obligation for this trust was not part of the WaMu FDIC receivership.

[4] *See* Complaint, *Policemen's Annuity & Benefit Fund of City of Chicago v. Bank of Am., NA*, No. 12-cv-2865-KBF (S.D.N.Y.) (ECF no. 1).

[5] *See* Opinion & Order, *Policemen's* (ECF no. 46) at 16-17 (finding that plaintiff possesses standing to pursue claims related to five trusts for which it purchased certificates); Corrected Class Action Complaint, Exhibit B, *Policemen's* (ECF 24-2) (listing certificates purchased by Plaintiff).

[6] *See* Plaintiff Pacific Life's Opposition to U.S. Bank's Motion to Dismiss in this action at 29 & n.131 (explaining alleged five months and 29 days of class tolling against U.S. Bank from *Blackrock* case for trusts including WMALT 2007-4).

3

# Exhibit A-2
# Alternative Potential Class Action Tolling From *Blackrock* And All *Policemen's* Trusts, Assuming Tolling Even When Plaintiff Lacked Standing

[7] This is the sum of the 240 days from the filing of the original *Policemen's* complaint until the dismissal of the claim for this trust on standing grounds, *plus* the subsequent tolling with standing (if any) set out in Exhibit A-1 above.

[8] This is the last date prior to Plaintiff's June 24, 2015 filing of this action that is within the limitations period (three years, plus any possible *Blackrock* or *Policemen's* class action tolling).

[10] Although the *Policemen's* Plaintiff was found to have standing to sue as to WAMU 2007-HY7, the court held that its class standing extended only to certificates cross-collateralized with the mortgage pool collateralizing Plaintiffs' holdings. *See* Opinion & Order, *Policemen's* (ECF no. 46) at 22-23 (finding that plaintiff possesses standing to sue on behalf of "purchasers in tranches tied to the loan group backing plaintiff's tranches" or "purchasers in tranches tied to a loan group cross-collateralized by the loan group backing plaintiff's purchased tranche(s)."). The specific certificate held by Plaintiffs here, 4-A1, was not cross-collateralized with the certificate held by the *Policemen's* plaintiff, which was 3-A1. *See* Corrected Class Action Complaint, Exhibit B, *Policemen's* (ECF 24-2) (indicating that the *Policeman's* plaintiff held the certificate with CUSIP 93364F-AG6); WAMU 2007-HY7 Remittance Report (Burrell Decl. Ex 1) at 2 (indicating that CUSIP 99364F-AG6 refers to class 3-A1); Complaint, Ex. 2 (ECF no. 116-2) (listing Plaintiffs' holdings as class 4-A1); WAMU 2007-HY7 Prospectus Supplement (Burrell Decl. Ex. 2) at S-7 (stating that class 3-A1 shall be collateralized with loan group 3 and class 4-A1 shall be collateralized with loan group 4); *id.* at S-11 (stating that certificates related to loan groups 3 and 4 shall not be cross-collateralized). Therefore, all claims related to Plaintiffs and Plaintiffs' holdings were dismissed for lack of standing, and Plaintiffs were not within the putative class for which the *Policemen's* plaintiff's claims proceeded.