**WOLLMUTH MAHER & DEUTSCH LLP**
500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

———————

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

July 6, 2018

*By ECF with courtesy copy by fax to 212-805-7986*
The Honorable Paul G. Gardephe
United States District Court Judge for the Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

    Case: *Pacific Life Ins. Co. et al. v. U.S. Bank National Association et al.,* 16-cv-00555-PGG
    **Subject: Supplemental Authority Concerning Sub Judice Motions to Dismiss**

Dear Judge Gardephe:

    We write on behalf of Plaintiffs to bring to the Court's attention the June 29, 2018 decision of the Hon. William H. Pauley III in *Ambac Assurance Corp. v. U.S. Bank National Association*, 2018 WL 3212456 (S.D.N.Y. June 29, 2018), which we would have cited in our briefs in opposition[1] to defendants' motions to dismiss[2] if it had been available when we filed them. Below we note the sections of the decision that potentially pertain to the pending motions.

    In that case, defendant trustee, U.S. Bank, moved to dismiss Ambac's (1) post-Event of Default claims on the merits as duplicative of the breach of contract claims and as time-barred; (2) breach of contract claims that accrued prior to April 11, 2011 as time-barred; and (3) Streit Act claims on the merits and as time-barred. 2018 WL 3212456 at *8. First, the Court held that Ambac's breach of fiduciary duty of undivided loyalty claims "exist separate and apart from the post-EOD duties memorialized in the PSAs," *id*. at *9, and that breaches of those separate fiduciary duties "foreclose application of the economic loss rule." *Id.* at *12.[3]

    Second, in rejecting U.S. Bank's statute of limitations arguments, Judge Pauley held that, at the motion to dismiss stage, the court "need not 'give the claims in the case a haircut by trimming off [each] time barred allegation[],'" *id.* at *15, and that a motion to dismiss claims as

---

[1] ECF Nos. 138, 140.
[2] ECF Nos. 127, 132.
[3] Judge Pauley dismissed Ambac's breach of fiduciary duty claims as duplicative to the extent that they are premised on U.S. Bank's post-Event of Default duties to act prudently and in good faith. 2018 WL 3212456 at *9.  Plaintiffs' breach of fiduciary duty claims are based on extra-contractual duties. *See* ECF No. 138 at 26. Judge Pauley noted that claims based on U.S. Bank's breach of its duty to avoid conflicts of interest and to carry out its obligations with due care give rise to negligence claims, even though Ambac did not plead them as negligence claims. Here, Plaintiffs do plead them as negligence claims. *See* ECF No. 116 at ¶¶ 203-206.

untimely should be denied unless "the untimeliness … appear[s] from the face of the Complaint." *Id.*[4]

Finally, the court dismissed Ambac's Streit Act claims. *Id.* at *16. Plaintiffs respectfully disagree with that holding for the reasons set forth in their opposition. *See* ECF No. 138 at 25.

>Very respectfully,
>
>*/s/ Ryan A. Kane*
>Ryan A. Kane

---

[4] Judge Pauley stated that breach of contract claims based on U.S. Bank's failure to complete certifications as to the completeness of mortgage files would be untimely, but, like Ambac, Plaintiffs do not allege a failure to complete mortgage file document certifications.  2018 WL 3212456 at *15.