UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                         :

PACIFIC LIFE INSURANCE COMPANY, et al.,     :

                            Plaintiffs,               :             16-CV-00555 (JAV)

             -v-                                  :             <u>ORDER</u>

U.S. BANK NATIONAL ASSOCIATION,        :

                            Defendant.              :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       On August 28, 2025, Plaintiffs Pacific Life & Annuity Company and Pacific Life Insurance Company filed a Letter-Motion to compel a non-party, Citibank, N.A., and its affiliates including CitiMortgage, Inc. ("Citi") to produce subpoenaed loan files and related documents. ECF No. 326. Citi filed its opposition on September 5, 2025. ECF No. 332. On September 12, 2025, this Court ordered that the parties appear for a conference on September 15, 2025, regarding the motion to compel. On September 18, 2025, Citi submitted a supplemental declaration opposing the pending motion to compel. ECF No. 337.

       Rule 45 allows party to direct a non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). "The issuing party 'must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.'" *Oakley v. MSG Networks, Inc.*, No. 17-cv-6903 (RJS), 2025 WL 7211, at *2 (S.D.N.Y. Jan. 9, 2025) (quoting Fed. R. Civ. P. 45(d)(1)).

       As a non-party, Citi has already produced all the documents that it was able to locate after a reasonable search and has expended considerable time and financial resources in doing so.

Indeed, Citi reports that it "has produced over 1,500 loan files (in addition to other documents) and expended hundreds of labor hours and more than $400,000 on legal fees and costs of production in this action."  ECF No. 332.

As described in the motion letters and as discussed at the September 15 conference, requiring Citi to parse through its database would be unduly burdensome and laborious.  *See* ECF No. 337.  Citi contends that it would have to engage in manual address searches in the transaction history systems in order to locate additional loan files, which would require matches on an exact-character basis, meaning each potential variation would have to be entered individually.  *Id.*  Citi further represents that additional search efforts via a manual address search are unlikely to find many additional files.  While Citi is expected to produce documents that are reasonably accessible after a diligent search, the Court declines to compel it to undertake an unduly burdensome and costly manual address search to locate the requested loan files by full borrower address.

Accordingly, Plaintiffs' Motion to Compel is DENIED.  The Clerk of the Court is directed to terminate ECF No. 326.

SO ORDERED.

Dated: October 1, 2025  
      New York, New York

                                       JEANNETTE A. VARGAS  
                                       United States District Judge